1  JASON J. GALEK (SBN 239638)
   GALEK LAW
2  100 Pine Street, Suite 1250
   San Francisco, CA 94111
3  Tel: 415-745-3035
   Fax: 925-407-8202
4  jason@galek-law.com

5  MARK L. LORBIECKI, WSBA 16796 (*Pro Hac Vice Application Pending*)
   RICHARD R. ALANIZ, WSBA 26194 (*Pro Hac Vice Application Pending*)
6  LOWE GRAHAM JONES PLLC
   701 Fifth Avenue, Suite 4800
7  Seattle, WA 98104
   Tel: 206-381-3300
8  Fax: 206-381-3301
   Lorbiecki@lowegrahamjones.com
9  Alaniz@lowegrahamjones.com

10 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVEN, LLC, a Washington state limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>SEVEN SALON, INC., a California corporation d/b/a SEVEN 7 SALON,<br><br>        Defendant. | Case No.:  14-3915<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

Plaintiff Seven, LLC ("SEVEN"), by and through its undersigned counsel, for its Complaint against Defendant Seven Salon, Inc. ("Defendant"), hereby alleges, on knowledge as to its own conduct and otherwise on information and belief, as follows:

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 1 -

## NATURE OF THE ACTION

This action arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly 15 U.S.C. §§ 1114, 1125(a), and Section 17200 et seq. of the California Business and Professions Code, and the common law, and is for trademark infringement, unfair competition, false endorsement and false designation of origin and unfair business practices.

## THE PARTIES

1. Plaintiff SEVEN is a Washington state limited liability company with its principal place of business at P.O. Box 997 Mercer Island, Washington 98040. SEVEN is engaged in the business of providing hair salon services and related hair-styling products, including services and products under its SEVEN house mark as a word mark and SEVEN design marks (collectively the "SEVEN MARKS").

2. SEVEN has been using the SEVEN MARKS as trademarks since at least as early as February 2003 related to hair salon services and since 2006 related to hair-styling products.

3. SEVEN owns exclusive rights to the SEVEN MARKS through federally registered marks and common-law trademarks associated with its hair salon services and related hair-styling products.

4. Upon information and belief, Defendant Seven Salon, Inc., is doing business as "Seven 7 Salon," and is a California corporation with its principal place of business at 5358 College Avenue, Oakland, California 94618.

## JURISDICTION AND VENUE

5. This action asserts claims arising under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a). This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court also has subject matter jurisdiction over SEVEN's state law claims under 28 U.S.C. § 1367 in that the state law claims

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 2 -

are integrally interrelated with SEVEN's federal claims and arise from a common nucleus of operative facts such that the administration of SEVEN's state law claims with its federal claims furthers the interest of judicial economy.

6. This Court has personal jurisdiction over Defendant because, inter alia, Defendant transacts business in the State of California, engages in a persistent course of conduct in the State of California, expects or reasonably should expect its acts to have legal consequences in the State of California, and because Defendant's acts have caused harm and continue to cause harm to SEVEN in the State of California.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims asserted in this action occurred in the this judicial district, Defendant expects or reasonably should expect its acts to have legal consequences in the district, and because Defendant's acts have caused harm and continue to cause harm to SEVEN in the district.

## FACTUAL BACKGROUND

### SEVEN's Background

8. SEVEN, the Salon, was opened by Rodger Azadganian on Seventh Avenue in downtown Seattle, Washington, in 2002. Azadganian built up a Seattle empire of SEVEN salons and its own product line. He's worked on major fashion shows with designers Dolce & Gabbana, Michael Kors, and Donna Karan, and he was even chosen to transform an "Extreme Makeover" star. By 2005, the salon had opened its second location, a 5,000-square-foot hair salon in Bellevue Square. He was known for sticking to the basics of precision haircutting. In an article in the Seattle Post-Intelligencer dated July 1, 2005, Azadganian described the service thus:

> "People bring in a picture of a celebrity, and they want that haircut, even if it brings out parts of their faces that should be softened," said Azadganian, who added that a haircut,

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

rather than an extension of fashion, should be structured around the customer's bone structure. "Like a doctor, we diagnose someone's face, and then cut the hair."

9. SEVEN has enjoyed market acceptance based upon this process of analyzing each person's face shape and coloring. As Azadganian states, "There's a silent language that every face has, and we learn to interpret that language. We come up with hairstyles that better suit the individual, that accentuate the eyes, or cheekbones, or take away from features they don't want to accentuate."

10. Further, when asked in an interview in the September 24, 2006 issue of the Seattle Times, the founder, Rodger Azadganian stated, as to the origin of the SEVEN name:

"It was between Seven and Rive Gauche, the Left Bank in Paris. My son was born on the 7th of October, and as I looked into the number I developed a fascination with it, especially as I learned more about its place in world history."

11. Since its founding, SEVEN has prospered. In 2006, Azadganian released a self-created line of 19 organically based hair care products under the label. That line of specifically formulated salon products bearing the SEVEN mark has been recognized for superior performance and quality, being made with nourishing vitamins and quality ingredients and being entirely free of paraben and sulfate. The stature of each of the products and the salon has grown significantly in the eyes of the public.

**SEVEN's Intellectual Property Rights**

12. The SEVEN MARKS are used to distinguish its services and products from that of its competitors, identify the source of its hair salon services and related hair-styling products.

13. SEVEN established its common-law rights in its marks through its first use of the SEVEN MARKS for hair salon related services beginning at least as early as February, 2003.

14. SEVEN has several marks registered on the registrar of the United States Patent and Trademark Office ("USPTO") as follows:

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 4 -

| Mark | Date of Filing | Registration No. | Classification |
|---|---|---|---|
| (circular logo with "7") | March 21, 2006 | 3,610,429 | Hair care and styling preparations, namely, shampoos, conditioners, non-medicated balms, non-medicated hair and scalp treatments, oils, pomades, hair lacquers and glosses, hair serums, hair sprays, relaxing preparations, hair straightening preparations, hair waving and curling preparations |
| (circular logo with "7") | March 21, 2006 | 3,610,430 | Beauty salons; hair salon, hair cutting and styling services; providing information in the field of hair cutting and styling |
| (circular logo with "7") | October 19, 2006 | 3,701,930 | Educational services, namely, conducting classes, seminars, conferences, training, and workshops in the fields of hair, beauty, and in techniques and the art of hair cut/style/color, and use of hair care products for beauty care personnel and for customers |

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 5 -

| | | | |
|---|---|---|---|
| (7 logo) | May 4, 2012 | 4,471,624 | Providing on-line forums for transmission of messages among computer users concerning hair care, beauty care, health care and cosmetics, in the techniques and art of hair cutting, hair styling and hair color, the application of makeup, and the use of body and hair care products and toiletries |
| SEVEN | March 6, 2013 | 4,581,102 | Beauty salons; hair salon, hair cutting and styling services; providing information in the field of hair cutting and styling |
| SEVEN | March 6, 2013 | 4,581,103 | Providing on-line forums for transmission of messages among computer users concerning hair care, beauty care, health care and cosmetics, in the techniques and art of hair cutting, hair styling and hair color, the application of makeup, and the use of body and hair care products and toiletries for beauty care personnel and for customers |
| | May 4, 2012 | 4,548,177 | Hair care and styling preparations, namely, shampoos, conditioners, non-medicated balms, non-medicated hair and scalp treatments, oils, gels, pomades, mousses, hair lacquers |

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 6 -

| | | | |
|---|---|---|---|
| (7 logo) | | | and glosses, hair serums, hair sprays, relaxing preparations, hair straightening preparations, hair waving and curling preparations, hair dyes, hair coloring preparations, hair bleaches, hair lighteners, and hair decolorant preparations |
| SEVEN | March 6, 2013 | 4,548,794 | Hair care and styling preparations, namely, shampoos, conditioners, non-medicated balms, non-medicated hair and scalp treatments, oils, gels, pomades, mousses, hair lacquers and glosses, hair serums, hair sprays, relaxing preparations, hair straightening preparations, hair waving and curling preparations, hair dyes, hair coloring preparations, hair bleaches, hair lighteners, and hair decolorant preparations |
| SEVEN | March 6, 2013 | 4,548,795 | Educational services, namely, conducting classes, seminars, conferences, training, and workshops in the fields of hair, beauty, and in techniques and the art of hair cut/style/color, and use of hair care products for beauty care personnel and for customers |
| | | | Beauty salons; hair salon, hair cutting and |

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

| | May 4, 2012 | 4,552,247 | styling services; providing information in the field of hair cutting and styling |
|---|---|---|---|

Registration Certificates for each of the SEVEN MARKS are attached as Exhibit A.

15. SEVENS's hair stylists are among the nation's best trained in providing the utmost in quality hair-styling services, including ensuring that SEVEN's stylist can provide SEVEN's unique consumer-driven consultation for personalized hair-styling services.

16. The hair-styling services offered under the SEVEN MARKS have drawn national and international attention gathering reviews of notice from well-known style web sites like *GQ.com* and *Esquire.com* for the hair styling services, provided such services to such celebrities as Macklemore, Linda Evangelista, Donna Karan, Melinda Gates and Kate Spade, Sarah Jessica Parker and Paul McCartney and have been featured in leading fashion magazines such as *ELLE* and *Allure*.

17. SEVEN has developed and is advertising and selling to consumers high quality hair-styling products such as shampoo, conditioner, foundation, styling and finishing products.

18. To ensure that the SEVEN MARKS are associated only with products of the highest quality, SEVEN maintains exceptionally high standards for the formula-creation, handling, storage, packaging, advertising and selling of its products.

19. The hair-styling products carrying the SEVEN MARKS are sold and distributed exclusively by SEVEN to salons that are subject to SEVEN's high quality standards for the sale of its exceptional hair-styling products sold under the SEVEN MARKS.

20. SEVEN has advertised extensively since October of 2006 over the radio, newspapers, magazines and the Internet at *www.7salon.com*. One such ad as appeared in Seattle magazine, appears as:



21. As a result of the tremendous success of SEVEN's advertising and promotional efforts and expenditures undertaken by SEVEN, the SEVEN MARKS have come to symbolize extraordinary goodwill and have achieved great fame both in the United States.

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 9 -

## DEFENDANT'S INFRINGMENET OF
## SEVEN'S INTELLECTUAL PROPERTY RIGHTS

22. On information and belief, Defendant owns and operates two hair salons, one in Oakland and the other in Alameda California operating under the name of "Seven Salon, Inc." and identifying itself alternately as Seven 7 Salon.

23. The Oakland location of Defendant's salon opened in June, 2008 when the founder moved from another Oakland salon known as Alexander Pope.

24. Defendant offers to consumers hair-styling services at each location under an infringing mark.

25. Defendant's two hair salons both publically and prominently display outside signage using infringing trademarks that incorporate the word SEVEN and a design element of the number 7.

 

26. Defendant further advertises its hair-styling services to the public using infringing marks through a Website at *www.seven7salon.com* and Facebook page at *www.facebook.com/pages/Seven-Salon-Rockridge-Oakland/138233592904779*.

27. Defendant uses infringing marks "seven salon", "seven 7 salon", "7 salon" in meta-tags at *www.seven7salon.com*.

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 10 -

28. Upon information and belief, Defendant offers hair-styling services at each of its hair salons using both infringing word marks and design marks that incorporate the SEVEN MARKS.

29. Upon information and belief, Defendant intentionally sought to trade on the SEVEN MARKS and SEVEN's reputation and to otherwise mislead and deceive consumers into falsely believing that Defendant is affiliated with, authorized or approved by SEVEN.

30. SEVEN has never consented to or authorized Defendant's use of any of the SEVEN MARKS. Defendant's use of the SEVEN MARKS has been and continues to be in a manner that is likely to cause confusion, mistake and deception.

31. Defendant's unauthorized use of the SEVEN MARKS is likely to create and foster the false impression that the products and services that Defendant offers and sells in connection with the SEVEN MARKS originate from, are affiliated, associated or connected with, originate from or are sponsored or approved by SEVEN.

32. In mid-2008, SEVEN contacted Defendant, roughly six weeks after opening and indicated that the Defendant was infringing the SEVEN MARKS and asked that Defendant discontinue the infringing use of the SEVEN MARKS. Through this letter, dated August 13, 2008, SEVEN put Defendant on notice of its infringing conduct. A copy of the August 13, 2008 letter is attached hereto as Exhibit B. Despite SEVEN's demand, Defendant has continued its infringing conduct. Negotiations between the parties occurred, the Defendant being represented, at the time, by Jeanne M. Hammond, Esq. of Donahue Gallagher Woods LLP. Throughout the remainder of 2008 and throughout the first half of 2009, Ms. Hammond and SEVEN continued to negotiate regarding the nature of proposed marks and their use. For example, at one point, Ms. Hammond proposed the following marks as being distinct enough from the SEVEN MARKS to alleviate customer confusion:

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 11 -

 

 

These were rejected by SEVEN as being too confusingly similar. In May of 2009, SEVEN through its counsel sent the following email to Defendant: "The end of the month has come and gone. Can you tell me where we are standing?" To this email, SEVEN never received a response.

33. As SEVEN has now rolled out its products on a national basis, SEVEN has decided it can no longer abide the confusion in the market caused by Defendant's continued infringing use of the SEVEN MARKS.

34. By letter dated February 19, 2014, yet again, SEVEN put Defendant on notice of its continued infringing conduct. A copy of the February 19, 2014 letter is attached hereto as Exhibit C. Despite SEVEN's demand, Defendant has continued its infringing conduct.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1))

35. SEVEN repeats and realleges each and every allegation contained in the foregoing paragraphs and incorporates them herein by reference.

36. This cause of action arises under the provisions of Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly 15 U.S.C. §§ 1114, and alleges the infringement of registered trademarks.

37. SEVEN has used the SEVEN MARKS in commerce in connection with hair-styling services since 2003 and with related products since 2006.

38. Defendant adopted and continues to use in commerce SEVEN's federally registered marks, and marks confusingly similar thereto, with full knowledge of SEVEN's superior rights, and with full knowledge that its infringing use of the SEVEN MARKS was intended to cause confusion, mistake and/or deception.

39. Defendant offers its hair-styling services under the infringing marks in the same channels of trade as those in which SEVEN's legitimate goods and services are offered.

40. Defendant's unauthorized and willful use of the SEVEN MARKS in connection with hair-styling services both a) infringes SEVEN's exclusive rights in its federally registered trademarks, explicitly misleads consumers as to the source or sponsorship of Defendant; and b) has caused and is likely to cause confusion, mistake or deception as to the source of Defendant's services, which is operated solely by Defendant.

41. Defendant's acts, namely, the unauthorized and willful use of SEVEN's federally registered marks in connection with the display and operation of hair salons constitutes trademark infringement in violation of 15 U.S.C. §1114(1).

42. Defendant's actions constitute knowing, deliberate, and willful infringement of SEVEN's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §1117(a).

43. As a result of Defendant's infringement, SEVEN has suffered damages, as well as the continuing loss of the goodwill and reputation established by SEVEN in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which SEVEN has no adequate remedy at law. SEVEN will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

44. SEVEN repeats and realleges each and every allegation contained in the foregoing paragraphs and incorporates them herein by reference.

45. This cause of action arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly under 15 U.S.C. §1125(a), and alleges the use in commerce of false designations of origin and false representations.

46. Defendant has deliberately and willfully attempted to trade SEVEN's longstanding and hard-earned goodwill in its name and marks and the reputation established by SEVEN in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of Defendant's services and to pass off its services in commerce as those of SEVEN.

47. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive SEVEN of the ability to control the consumer perception of its products and services offered under the SEVEN MARKS, placing the valuable reputation and goodwill of SEVEN in the hands of the Defendant.

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 14 -

48. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant and SEVEN, and as to the origin, sponsorship or approval of Defendant's services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

49. As a result of Defendant's foregoing conduct, SEVEN has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by SEVEN in the SEVEN MARKS. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which SEVEN has no adequate remedy at law. SEVEN will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**STATE LAW CLAIM
THIRD CAUSE OF ACTION
UNFAIR COMPETITION UNDER
CALIFORNIA BUSINESS & PROFESSIONS CODE 17200** *et seq*.

50. SEVEN repeats and realleges each and every allegation contained in the foregoing paragraphs and incorporates them herein by reference.

51. This cause of action arises under the California Business & Professions Code section 17200 et seq. which prohibits acts of "unfair competition," which includes any "unfair" business practices.

52. At all relevant times, Defendant has been engaged in "unfair" business practices by providing hair salon related products and services.

53. As herein above alleged, Defendant's use and continued use of the SEVEN MARKS is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create and erroneous impression that Defendant's use of the SEVEN MARKS and the provisions of products and services under and/or in connection with the SEVEN MARKS is authorized, endorsed, sponsored, or approved by SEVEN and/or, that

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

Defendants offering of products and services under and/or in connection with the SEVEN MARKS is provided, authorized, endorsed, sponsored or approved by SEVEN.

54. The facts herein above alleged were and are likely to mislead the general public and therefore constitute unlawful and unfair acts within the meaning of California Business & Professions Code section 17200 *et seq*. Defendant's actions are likely to continue to cause confusion, mistake or deception as to the source of origin of SEVEN's products and services, and are likely to suggest falsely a sponsorship, connection, license, or association of Defendant's products and services with those of SEVEN, thus injuring SEVEN and the public.

55. As a direct and proximate result of Defendant's statutory unfair business competition, Defendant has been unjustly enriched in an amount to be determined at trial.

56. Defendant's acts of unfair competition in the State of California have caused SEVEN irreparable harm and damage for which there is no adequate remedy at law. Upon information and belief, SEVEN believes that unless such acts are restrained and permanently enjoined, Defendant will continue and expand such acts of unfair competition to the irreparable injury of SEVEN.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SEVEN prays for judgment against Defendant as follows:

1. Judgment be entered in favor of SEVEN and against Defendant as to each of the above Counts;

2. Defendant pays damages incurred by SEVEN as a result of the trademark infringement, false designation of origin, false endorsement, false advertising, deceptive practices, injury to business reputation and dilution perpetrated by Defendant, including, but not limited to, (1) in the case of Defendant's violation of 15 U.S.C. § 1125(a), treble damages and attorney's fees, and (2) in the case of Defendants' violation of Unfair Competition, treble damages (up to the maximum allowed) and attorney's fees;

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

3. An audit be ordered to determine the profits realized by Defendant due to the unauthorized use of the SEVEN MARKS and Defendant's other infringing activities in the operation of its hair-styling services;

4. The Court issue an injunction restraining, enjoining and prohibiting Defendant's and any of its officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with Defendant from directly or indirectly:

    a. Using the SEVEN MARKS or any confusingly similar designations, alone or in combination with other words, as a trademark, service mark or trade name, to identify, market, distribute, advertise, promote, to offer for sale or to operate a hair style salon or any related goods or services;

    b. Otherwise infringing the SEVEN MARKS; and

    c. Continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause consumers to falsely believe that Defendant's goods or services are affiliated with, associated with, authorized by, sponsored by, and/or endorsed by SEVEN.

5. Defendants be directed to file with this Court and to serve on SEVEN within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6. Defendant be required to deliver up for destruction all goods, signs, packaging, literature, advertising and other materials bearing any of the SEVEN MARKS or any confusingly similar name or mark, or colorable imitation thereof, used in connection with hair-styling services or related goods;

7. Defendant be required to remove the SEVEN MARKS and any other elements likely to cause confusion with SEVEN from *www.seven7salon.com* Website, the Facebook page

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP

- 17 -

at  *www.facebook.com/pages/Seven-Salon-Rockridge-Oakland/138233592904779*, any other Website URL, HTML code, search engine query terms, search engine advertising keywords, and any other electronic communications hosts, links and devices;

    8.    Defendant be ordered to pay costs of this action, including attorney's fees incurred by SEVEN in connection with Defendant's infringement;

    9.    That damages awarded to SEVEN be trebled pursuant to California Business & Professions Code § 17082.

    10.    That the Court grant SEVEN any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116, 1117, 1118 or under state law; and,

    11.    Such other and further relief as this Court deems just and proper.

DATE:  August 28, 2014                                  GALEK LAW

                                          By:    /s/ Jason J. Galek
                                                  Jason J. Galek
                                                  Attorney for Plaintiffs

COMPLAINT
Civil Action No.
SEVN-6-1002P01 CMP